IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SELVIN IXEL RIVERA ISAULA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § CIVIL ACTION NO. H-18-2992 |
| | § |
| KIRSTJEN NIELSON *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND OPINION**

**I.   Background**

This case arises from Selvin Ixel Rivera Isaula's application to the United States Citizenship and Immigration Services seeking adjustment of his immigration status to that of a permanent resident. (Docket Entry No. 1 at ¶ 1). In May 2018, USCIS administratively closed Isaula's adjustment application for lack of jurisdiction. (*Id*. at ¶¶ 34–35). The following facts are based on Isaula's complaint allegations.

Isaula is a native and citizen of Honduras, residing in Spring, Texas. (*Id*. at ¶ 31). In April 1996, an immigration judge ordered him deported. (*Id*. at ¶ 35). After receiving an order of temporary protected status, Isaula traveled abroad on that status and was paroled lawfully into the United States on January 27, 2014. (Docket Entry No. 1-1).

Isaula is an immediate relative of a U.S. citizen and the beneficiary of an I-130 visa. (Docket Entry No. 1 at ¶ 32). In July 2014, he filed an I-485 application to register as a permanent resident or adjust his status. (Docket Entry No. 1-1). In May 2018, USCIS closed Isaula's I-485 application,

1

giving him notice that the agency did not have jurisdiction because his removal proceeding had not been terminated. (*Id.*).

In August 2018, Isaula sued USCIS officials Kirstjen Nielson, Lee F. Cissna, and Mark T. Sigel, in their official capacities, for declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq*. (*Id.* at ¶ 8). Isaula argues that USCIS's administrative closure of his I-485 application was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," because USCIS departed from its own policy and closed his application without a plausible basis. (Docket Entry No. 1 at ¶¶ 38–41); 5 U.S.C. § 706(2)(A). The defendants move to dismiss Isaula's claims under Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6), and Isaula has responded. (Docket Entries No. 9, 12).

After reviewing the pleadings, the motion and response, the record, and the applicable law, the court grants the defendants' motion to dismiss under Rule 12(b)(1) because the court lacks subject-matter jurisdiction to hear Isaula's claims. The court need not address the defendants' Rule 12(b)(6) motion. The reasons are stated in detail below.

**II.     The Legal Standard**

Rule 12(b)(1) governs challenges to a federal court's subject-matter jurisdiction. "Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (quotation omitted). Courts may dismiss for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant*

2

*Cty.*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of a plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (citation omitted); *see also Clark*, 798 F.2d at 741. The court may consider matters outside the pleadings, such as testimony and affidavits, to resolve a factual challenge to subject-matter jurisdiction, without converting the motion to dismiss to one for summary judgment. *Garcia*, 104 F.3d at 1261.

**III.     Analysis**

The defendants argue that the court lacks subject-matter jurisdiction to hear Isaula's claims because the Immigration and Nationality Act strips a district court's jurisdiction to hear direct or indirect challenges attacking an immigration judge's final order of removal. (Docket Entry No. 9 at 5); 8 U.S.C. §§ 1252(a)(5); 1252(b)(9). The relevant part of § 1252 of the Act are set out below.

> (a)(5)  Notwithstanding any other provision of law, . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).
>
> (b)(9)  Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. . . .

> (g) Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. §§ 1252(a)(5), 1252(b)(9), 1252(g).

Under these provisions, aliens subject to deportation orders may seek to adjust their status by filing a motion to reopen the immigration proceeding with an immigration judge. *Reno v. American–Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (§ 1252(g) strips federal district courts' jurisdiction to review the Attorney General's decision or action to commence deportation proceedings, adjudicate cases, or execute removal orders); *Cardoso v. Reno*, 216 F.3d 512, 514–16 (5th Cir. 2000) (declining to exercise jurisdiction over the plaintiff's challenge to a denial of status adjustment because deciding that clearly required the court to review the Attorney General's execution of a removal order); *Akinmulero v. Holder*, 347 F. App'x 58, 61 (5th Cir. 2009) (per curiam) ("Aliens subject to orders of removal may only seek adjustment of status by filing a motion to reopen removal proceedings with an immigration judge, and any subsequent challenges may be brought via petition for review of the final removal order."); *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (joining the Second and Seventh Circuits in finding that 8 U.S.C. § 1252(a)(5) prohibits Administrative Procedure Act claims that indirectly challenge a removal order).

The defendants argue that Isaula's challenge to USCIS's closing of his I-485 application is an indirect attack on the removal order issued against him in 1996. (Docket Entry No. 9 at 5); *Chen v. Rodriguez*, 200 F. Supp. 3d 174, 181–82 (D.D.C. 2016) (citing *Akinmulero*, 347 F. App'x at 61) (declining to exercise jurisdiction over the plaintiff's claim for mandamus after USCIS closed his

4

I-485 application for lack of jurisdiction); *Nolasco v. Nielson*, No.18-cv-00051-TC, 2018 WL 6441037, at *2–*3 (D. Utah Dec. 7, 2018) (declining to exercise jurisdiction to review USCIS's administrative closure of the plaintiff's I-485 application based on a pending removal order); *Mohammed v. Holder*, 695 F. Supp. 2d 284 (E.D. Va. 2010) (same).

Isaula argues that he is asking this court to review USCIS's decision to close his case and to compel USCIS to adjudicate his status-adjustment application, not asking for a review of his I-485 application or the pending removal order. (Docket Entry No. 12 at 3–4); *cf. Cardoso*, 216 F.3d at 514–16. According to Isaula, his claims are independent from a challenge to the removal order.

The distinction between an independent claim and an indirect challenge "will turn on the substance of the relief that a plaintiff is seeking." *Martinez*, 704 F.3d at 623 (citation omitted). "When a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is inextricably linked to the order of removal," the federal district court lacks subject-matter jurisdiction. *Id.* (citation omitted). Because USCIS's decision to close Isaula's status-adjustment application is based on the removal order against him, his challenge to that decision is "inextricably linked" to the agency's procedural or substantive determination relating to that removal order. This court may not review Isaula's claim even though he has framed the requested relief as "compelling the USCIS to adjudicate his application."

Isaula may seek adjustment of status only by filing a motion to reopen the removal proceeding with the immigration judge and bringing any subsequent challenges in the United States Court of Appeals. *Akinmulero*, 347 F. App'x at 61. This court lacks subject-matter jurisdiction to hear Isaula's claims. *Id.*; *see also Nolasco*, 2018 WL 6441037, at *2–*3.

5

## IV. Conclusion

Because the court lacks subject-matter jurisdiction, Isaula's claims are dismissed, without prejudice. An order of dismissal is separately entered.

SIGNED on January 3, 2019, at Houston, Texas.

                                  Lee H. Rosenthal
                                  Chief United States District Judge